******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## CHARLES A. CALDWELL *v.* JANNAT, LLC
### (AC 48754)

Cradle, C. J., and Alvord and Eveleigh, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his action that sought, inter alia, an injunction to prevent the defendant from erecting a gasoline station on its property. The plaintiff claimed, inter alia, that the court improperly determined that it lacked subject matter jurisdiction over his complaint on the ground that he had failed to exhaust his administrative remedies. *Held*:

This court concluded that the plaintiff's claims were unavailing, as they were without merit.

Argued April 9—officially released May 12, 2026

*Procedural History*

Action seeking, inter alia, temporary and permanent injunctions preventing the defendant from constructing a gasoline station on certain real property, and other relief, brought to the Superior Court in the judicial district of New London, where the court, *Chadwick, J.*, granted the defendant's motion to dismiss and rendered judgment thereon; thereafter, the court, *Chadwick, J.*, denied the plaintiff's motion for reconsideration, and the plaintiff appealed to this court. *Affirmed*.

*Kyle J. Zrenda*, for the appellant (plaintiff).

*Linda L. Morkan*, with whom were *Ryan D. Hoyler* and, on the brief, *Brian R. Smith*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this action for injunctive relief to prevent the construction of a gasoline station, the plaintiff, Charles A. Caldwell, appeals from the judgment of dismissal, and the denial of his motion for reconsideration, rendered by the trial court in favor of the defendant, Jannat, LLC. The plaintiff claims on appeal that the court improperly determined that it lacked subject matter jurisdiction over the plaintiff's complaint on the

ground that he had failed to exhaust his administrative remedies.[1] We affirm the judgment of the trial court.

The following procedural history is relevant to our disposition of this appeal. The plaintiff commenced the present action in April 2024, seeking injunctive relief to prevent the construction of a gasoline station on the defendant's property located at 54 South Broad Street in Stonington (defendant's property). The defendant filed a motion to dismiss, in which it alleged that the court lacked subject matter jurisdiction over the plaintiff's complaint on the ground that the plaintiff had failed to exhaust his administrative remedies, and a memorandum of law in support of its motion to dismiss. The defendant noted that the "plaintiff has not one, but two active administrative appeals wherein [he] appeals the very same actions that the plaintiff alleges leave [him] with no adequate remedy at law in this action." The plaintiff filed a memorandum of law in opposition to the motion to dismiss, and the defendant filed a reply.

In its March 25, 2025 memorandum of decision dismissing the plaintiff's complaint, the court noted that the plaintiff owns and resides at a parcel of real property overlooking the defendant's property. The defendant, a developer of gasoline stations and convenience stores, received a special permit for the development of a gasoline station on its property. The plaintiff has filed two appeals from decisions of the Planning and Zoning Commission of the Town of Stonington with respect to the defendant's property, and the appeals remain pending.[2]

The court in the present case took judicial notice of the two pending appeals. The court next considered the defendant's assertion that the plaintiff had not exhausted his administrative remedies on the basis of

---

[1] The plaintiff also responds to the defendant's proposed alternative grounds for affirmance, which we need not reach.

[2] See *Caldwell* v. *Planning & Zoning Commission*, Superior Court, judicial district of New London, Docket No. CV-24-6065898-S; *Caldwell* v. *Planning & Zoning Commission*, Superior Court, judicial district of New London, Docket No. CV-23-6064644-S.

the pending appeals, and the plaintiff's response that an exception to the exhaustion of administrative remedies doctrine applied because his complaint sought equitable relief. The court rejected the plaintiff's argument, noting that the complaint alleged that the construction of the gasoline station will create conditions amounting to a nuisance and, although it also stated that the conditions have begun to be created, "the complaint is silent as to which of these alleged damages, if any, have already occurred or are ongoing." The court concluded that the plaintiff's claim was not ripe in that he had not sufficiently pleaded special damages to obtain injunctive relief and, thus, the exception to the doctrine of exhaustion of administrative remedies had not been satisfied. Accordingly, the court granted the defendant's motion to dismiss. The plaintiff filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the plaintiff argues that the court improperly **(1)** addressed the sufficiency of the pleadings as a jurisdictional issue, and **(2)** determined that the plaintiff's complaint did not satisfy the exception to the exhaustion of administrative remedies doctrine. Having reviewed the record and the briefs of the parties, we conclude that the plaintiff's claims are without merit.

The judgment is affirmed.

—————